149 N.J. Super. 89 (1977)
373 A.2d 406
MILTON J. MUSCHETTE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ROSE LEE MUSCHETTE, DECEASED, PLAINTIFF-RESPONDENT,
v.
THE GATEWAY INSURANCE CO., AN INSURANCE COMPANY DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT. MILTON J. MUSCHETTE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ROSE LEE MUSCHETTE, DECEASED, PLAINTIFF-RESPONDENT,
v.
THE GATEWAY INSURANCE CO., AN INSURANCE COMPANY DOING BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1977.
Decided March 30, 1977.
*91 Before Judges HALPERN, MICHELS and BOTTER.
Mr. Robert Alan Vort argued the cause for appellant.
Mr. Gerald Eisenstat argued the cause for respondent (Messrs. Shapiro, Eisenstat, Capizola, O'Neill & Gabage, attorneys).
PER CURIAM.
Defendant[1] appeals from a judgment awarding plaintiff certain benefits under the personal injury protection (P.I.P.) provisions of its insurance policy. The policy insured Milton J. Muschette, his wife Rose Lee, and their automobile. It is conceded that the policy provided "additional" P.I.P. coverage (N.J.S.A. 39:6A-4) as well as the additional first-party coverage (Option 5), made available as required by N.J.S.A. 39:6A-10. During the *92 term of the policy plaintiff's wife was killed in an automobile accident. She had been gainfully employed and had cared for and maintained the family household, which included three infant children. Defendant admitted liability for P.I.P. benefits provided by § 4 but appeals from the award of the maximum amount of the additional P.I.P. coverage provided pursuant to § 10, together with 10% interest as specified in N.J.S.A. 39:6A-5. Plaintiff cross-appeals from the trial judge's refusal to add counsel fees to the award.
N.J.S.A. 39:6A-4 requires automobile liability insurance policies to provide
* * * additional coverage * * * under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile * * *.
This coverage includes: (a) medical expense benefits; (b) income continuation benefits up to $5,200; (c) essential services benefits up to $4,380; (d) survivor benefits, and (e) funeral expenses benefits up to $1,000. Subsection (d) provides survivor benefits as follows:
In the event of the death of an income producer as a result of injuries sustained in an accident entitling such person to benefits under section 4 of this act, the maximum amount of benefits which could have been paid to the income producer, but for his death, under section 4 b. shall be paid to the surviving spouse, or in the event there is no surviving spouse, then to the surviving children, and in the event there are no surviving spouse or surviving children, then to the estate of the income producer.
In the event of the death of one performing essential services as a result of injuries sustained in an accident entitling such person to benefits under section 4 c. of this act, the maximum amount of benefits which could have been paid such person, under section 4 c., shall be paid to the person incurring the expense of providing such essential services.
*93 N.J.S.A. 39:6A-10 requires additional optional coverage in the following terms:
Insurers shall make available to the named insured covered under section 4, suitable additional first-party coverage for income continuation benefits, essential services benefits, survivor benefits and funeral expense benefits. Income continuation in excess of that provided for in section 4 must be provided as an option by insurers to persons for disability, as long as the disability persists up to an income level of $35,000.00 per year, with the excess between $5,200.00 and the amount of coverage contracted for to be written on the basis of 75% of said difference. The Commissioner of Insurance is hereby authorized and empowered to establish, by rule or regulations, the amounts and terms of income continuation insurance to be provided pursuant to this section.
By regulation (see N.J.S.A. 39:6A-10 and N.J.S.A. 39:6A-19) the Commissioner promulgated a minimum schedule of "additional personal injury protection." N.J.A.C. 11:3-7.3(a). The schedule established income continuation benefits of $36,400 in the maximum, essential services benefits of $10,220 in the maximum, and $10,000 for death occurring within 90 days from the accident. (N.J.A.C. 11:3-7.3(d) provides that benefits in excess of the scheduled amounts must be made available at the option of the named insured.) Having purchased the optional, additional first-party coverage in the maximum scheduled amounts, plaintiff claimed the maximum benefits in each category because of his wife's death.
Defendant contends that N.J.S.A. 39:6A-4(d), requiring payment of "the maximum amount of benefits" in the event of death, applies only to the P.I.P. coverage specified in § 4 and does not apply to the additional coverage authorized in § 10. N.J.S.A. 39:6A-4(d) provides "survivor benefits" payable to certain survivors in case of death of a person who was an income producer, defined in N.J.S.A. 39:6A-2(d), and/or one who performed essential services, defined in N.J.S.A. 39:6A-2(b), for himself and members of his family. Defendant contends that the omission from § 10 of provisions contained in § 4 requiring *94 payment of the maximum benefits in case of death means that benefits under § 10 should be limited to the amount of actual losses incurred. Defendant also contends that the term "maximum" implies a lesser recovery in appropriate cases.
Defendant's argument lacks merit. Sections 4 and 10 must be read together. Section 10 requires coverage for "survivor benefits," as well as income continuation and essential services benefits, in amounts exceeding the limits specified in § 4. The survivor benefits provided by § 4 are for income loss and loss of essential services resulting from the death of an injured person, in which case § 4 mandates that the maximum statutory amounts shall be paid. The obvious reason for awarding the maximum amounts is that injured persons who recover from their disabilities do so in varying periods with varying losses of income and essential services, whereas in case of death it is difficult or impossible to predict the amount of income and services which are lost to the surviving spouse or children or decedent's estate. Thus, the Legislature chose to provide as additional coverage fixed maximum sums in case of death of one who produced income and/or performed essential services. This coverage is in addition to coverage for bodily injury, death and property damage provided in the policy. N.J.S.A. 39:6A-4; see also, N.J.S.A. 39:6A-3.
In requiring additional optional benefits under § 10 the Legislature specifically included "survivor benefits" for the death of an injured person, as well as income continuation and essential services benefits in case the injured person survives. A clear distinction was made in § 10 between survivor benefits and continuation income benefits for injured persons who do not die, the latter being limited to "as long as the [injured person's] disability persists * * *." Where death does not occur, the injured person can recover only for actual losses in income, subject to the limitations imposed in and pursuant to § 10. However, absent an expressed contrary intention, we conclude that by *95 § 10 the Legislature intended additional survivor benefits for a named insured be paid in the same manner as under § 4, since § 10 incorporates by reference the term "survivor benefits" which is defined only in § 4. Section 10 merely requires the amount of such benefits to be increased. Cf. Ortiz v. Safeco Ins. Co., 144 N.J. Super. 506 (App. Div. 1976), aff'g 136 N.J. Super. 532 (Law Div. 1975).
Thus, the maximum scheduled income continuation and essential services benefits provided pursuant to § 10 are payable as survivor benefits in case of death of a named insured who had been an income producer and/or had performed essential services, when death results from injuries in an accident for which benefits are payable under § 4 of the Act. The death benefit which defendant concedes was included in the additional coverage is also payable.[2]
As noted in footnote 1 above, defendant is insolvent and the judgment will be paid by the Association. N.J.S.A. 17:30A-1 et seq. Therefore, defendant argues that the award of interest is precluded by N.J.S.A. 59:9-2(a), which provides: "No interest shall accrue prior to the entry of judgment against a public entity * * *." However, defendant clearly is not a "public entity;" rather, defendant is a "private" nonprofit unincorporated legal entity. N.J.S.A. 17:30A-6. Our prior order staying execution upon the judgment does not signify a different conclusion. N.J.S.A. 39:6A-5(c) specifically provides that all overdue payments, defined in N.J.S.A. 39:6A-5(b), "shall bear simple interest at the rate of ten percent (10%) per annum." Ortiz v. Safeco Ins. Co., supra. We find no error in the allowance of interest in this case. Id.
Defendant has also moved for a remand to allow proof that plaintiff was not entitled to benefits for income loss since decedent was not actually employed at the time of the *96 accident. Plaintiff contends that decedent was in "occupational status" at the time of the accident within the meaning of "income producer." N.J.S.A. 39:6A-2. While this appeal was pending defendant moved in the trial court to set aside the judgment. The motion was denied on the ground that exclusive jurisdiction over the action was in the Appellate Division. R. 2:9-1(a); Sturdivant v. General Brass & Machine Corp., 115 N.J. Super. 224, 226-227 (App. Div.), certif. den. 59 N.J. 363 (1971). Defendant has filed a new appeal from the order denying his motion. He also moved for consolidation of both appeals as an alternative to the request for a remand. Since we have jurisdiction over the action and have disposed of the first appeal by this opinion (R. 2:11-3(b)), we grant the motion for consolidation and dismiss the second appeal without prejudice to defendant's right to move hereafter for the relief which had been sought previously. The motion to set aside the judgment in part had not been adjudicated on the merits. We express no opinion on the merits of the proposed motion.
Plaintiff has cross-appealed from the denial of counsel fees which he claims pursuant to R. 4:42-9(a)(6). The rule precludes the award of counsel fees except in enumerated cases. However, the allowance of counsel fees remains discretionary with the trial court. Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App. Div. 1971), certif. den. 60 N.J. 141 (1972). And we find no abuse of discretion in the circumstances before us, whether or not R. 4:42-9(a)(6) applies to this case. See Ortiz v. Safeco Ins. Co., supra; Pressler, Current N.J. Court Rules, Comment R. 4:42-9; cf. Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234, 245-246 (App. Div. 1975).
The judgment awarding maximum additional P.I.P. benefits is affirmed.
The second appeal (Docket No. A-1734-76) is dismissed without prejudice, as indicated above.
NOTES
[1] Defendant became insolvent and its affairs, including this appeal, are being administered by the New Jersey Property-Liability Insurance Guaranty Association (hereafter, Association). See N.J.S.A. 17:30A-1 et seq.
[2] For reasons not pertinent here, the record does not contain a copy of the actual endorsement used by defendant by which additional coverage was afforded pursuant to § 10 and N.J.A.C. 11:3-7.3(a).