Norman S. FRANCE and Enelda B. France, Appellants,

v.

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

May 2, 1980.

Discretionary Review Denied Oct. 28, 1980.

Edwin L. Cohen, Cohen & Cohen, Louisville, for appellants.

J. D. Raine, Jr., Louisville, for appellee.

Before COOPER, WILHOIT and GANT, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee finding that the appellants, as survivors of a decedent insured under a basic reparations policy, were not entitled to "survivor's economic loss" or "survivor's replacement services loss" under the language of KRS 304.39–020(5)(d), (e). The issues

presented herein are whether the trial court acted correctly in: (1) directing a verdict for the appellee on the appellants' claims for survivor's replacement services loss; and (2) applying KRS 421.210(2) to exclude certain testimony of the appellants with respect to transactions with the decedent.

On February 25, 1977, the appellants, Norman S. France and his wife, Enelda B. France, filed this action against the appellee, Kentucky Farm Bureau Mutual Insurance Company, for survivor's economic loss and survivor's replacement services loss resulting from the death of their son, Norman B. France. The latter had a no–fault policy of insurance with the appellee for personal injury protection, medical expenses, and limited funeral expenses. Norman B. France sustained injuries in an accident on September 14, 1976, and died eight days thereafter. In response to the appellants' action, the appellee conceded its basic liability, yet denied any liability for either survivor's economic loss or survivor's replacement services loss. In the subsequent trial of the action, the trial court held that any testimony from either appellant with regard to any transaction between themselves and their deceased son would be excluded under KRS 421.210(2). Thereafter, the trial court directed verdicts for the appellee on appellants' claim for survivor's replacement serviced loss, and Norman S. France's claim for survivor's economic loss. It submitted Enelda B. France's claim for survivor's economic loss to the jury, although limiting such claim to $1,650.00. The jury subsequently found for the appellee on this claim. It is from this judgment that the appellants now appeal.

■ Under the language of KRS 304.39–020(14), the appellants are survivors of the decedent. Nonetheless, for the appellants to recover survivor's replacement services loss, they must introduce evidence of expenses reasonably incurred by them in obtaining ordinary and necessary services which would have been performed by the decedent had he not suffered a fatal injury. KRS 304.39–020(5)(e). Here, the appellants failed to establish that any such expense had been incurred. As such, we believe the trial court acted correctly in directing a verdict for the appellee with respect to this claim. *Cf. Hand v. State Farm Mutual Insurance Co.*, 2 Kan.App.2d 253, 577 P.2d 1202 (1978); *Jamison v. Utah Home Fire Insurance Co.*, 559 P.2d 958 (Utah, 1977).

■ With respect to the claim for survivor's economic loss, the appellants argue that the trial court erred in excluding testimony under KRS 421.210(2). They argue that such testimony should have been admitted into evidence as the action against the appellee was, in effect, an action for wrongful death thus falling within the exception set forth in KRS 421.210(2). Without the introduction of this excluded testimony, the only evidence of the appellants' economic loss was the fact that the decedent had purchased saving certificates in which his mother was made a joint tenant. We reject this argument. The action filed by the appellants was contractual in nature.

Under KRS 304.39–040(1), basic reparation benefits are to be paid without regard to fault. Consequently, we believe that any action to recover such benefits is an action on an insurance contract. The appellee, in providing basic no–fault coverage for the decedent, assumed liability for medical and funeral expenses, as well as survivor's replacement services loss and survivor's economic loss if such losses were shown to exist. Therefore, the exception contained in KRS 421.210(2) is clearly inapplicable. The trial court acted correctly in excluding any testimony with respect to transactions or conversations between the appellants and the decedent.

■ Therefore, we believe that the trial court acted correctly in directing a verdict for the appellee with respect to Norman S. France's claim for survivor's economic loss, given the absence of any credible testimony on that question.

■ Although the only substantive evidence introduced by the appellants with respect to the claim of Enelda B. France for survivor's economic loss involved the decedent's purchase of savings bonds in which

his mother was made a joint tenant, the trial court submitted this question to the jury. The jury subsequently found for the appellee. From the record below, we do not believe that such a verdict was unreasonable or contrary to the evidence. Accordingly, we find no error in the action of the trial court.

Accordingly, the judgment of the trial court is affirmed.

All concur.