John B. COUTY and Ruby M. Couty, His Wife, and John B. Couty as Administrator of the Estate of Mike Couty, Movants,

v.

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.

Supreme Court of Kentucky.

Sept. 23, 1980.

Rehearing Denied Jan. 13, 1981.

Paul L. Madden, Hawesville, for movants.

R. Scott Plain, Wilson, Wilson & Plain, Owensboro, for respondent.

LUKOWSKY, Justice.

Mike Couty, the eighteen year old son of the movants, was drowned when his automobile plunged into a creek on December 15, 1975. At the time of his death, Mike had a "no–fault" insurance policy with the respondent, Kentucky Farm Bureau Mutual Insurance Company. This policy includes coverage for "survivor's replacement services loss." The policy complies with Kentucky's no–fault insurance statute and is phrased in almost identical words. The definition of "survivor's replacement services loss" in the policy is identical to the one in the statute.

KRS 304.39–020(5)(e) defines "survivor's replacement services loss" as:

"expenses reasonably incurred by survivors after decedent's death in obtaining ordinary and necessary services in lieu of those the decedent would have performed for their benefit if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of the decedent's death . . . ."

We granted review in this case to examine the question of whether the meaning of the word "incurred", used in this statutory subsection, limits recovery for "survivor's replacement services loss" to expenses which the survivor has either paid or for which he has become obligated. The Court of Appeals so held. We disagree, and hold that a survivor may recover not only these expenses, but also, those for loss of services which it is reasonably probable would have been rendered in the future.

The Court of Appeals based its decision to narrow the definition of "incurred" primarily on the Commissioners' Comment on Section 1 of the Uniform Motor Vehicles Reparations Act, 13 Uniform Laws Annotated 362–363 (1975). Although the legislature did not adopt the UMVRA in its entirety, it

has incorporated much of its language including the definition in issue here. Consequently, the choice of this source is consistent with our policy of recognizing the comments on the uniform acts as persuasive authority in interpreting our statutes. *Hall v. Hall*, Ky., 585 S.W.2d 384, 385, n.2 (1979).

Our disagreement with the Court of Appeals lies not with its decision to use the Commissioners' Comment, but with its failure to consider that part most applicable to this fact situation. The comment also states:

> " 'survivor's replacement services loss' [is] defined in a way analogous to standards for damages for wrongful death. . . As under typical wrongful death statutes, the measure of damages is loss to the survivors which results from death. Thus, in calculating benefits, the decedent's *probable life expectancy* had he not been injured and . . . the extent to which decedent *would have performed services* for his survivors must be taken into account."

13 Uniform Laws Annotated 363 (1975) (emphasis added).

The comment encourages us to analogize to the computation of damages in a wrongful death case. In such a case, damages are not limited to expenses paid or for which an obligation has been accepted, but extend to compensation for destruction of the decedent's future power to earn money. *W. L. Harper Co. v. Slusher*, Ky., 469 S.W.2d 955, 959 (1971). Calculating the amount and net value of future services of a decedent if he had lived is no more nebulous than determining the loss of future earning power. It is not an overly abstruse task for the trier of fact.

In addition, KRS 304–39.210(1) has as its source Section 23(a) of the UMVRA. That section and the accompanying Commissioners' Comment read in part as follows:

> "Basic and added reparation benefits are payable monthly as loss accrues. Loss accrues not when injury occurs, but as work loss, replacement services loss, survivor's economic loss, survivor's replacement services loss, or allowable expense is incurred. . . .

*Commissioners' Comment*

> "This Section describes what is intended to be customary practice–paying basic reparation benefits monthly as loss accrues–contrasted to the customary practice of paying tort claims in lump sum settlements or judgments. . . ."

13 Uniform Laws Annotated 402–04 (1975).

In adopting our statute the legislature chose to omit the phrases "survivor's economic loss" and "survivor's replacement services loss". The effect of this omission is to exclude these losses from the practice of paying benefits monthly as loss accrues. The reason for this exclusion can only be that the legislature intended that death claims be treated in a manner approximating traditional tort practice. This would include recovery for reasonably anticipated future services in a lump sum settlement or judgment.

The decision of the Court of Appeals and the judgment of the Hancock Circuit Court are affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.

All concur.