**UNITED STATES FIDELITY AND GUARANTY COMPANY, Movant,**

v.

**Charles J. McENROE, Administratrix of the Estate of Leetta Rainwater, deceased, Respondent.**

Supreme Court of Kentucky.

Nov. 3, 1980.

Rehearing Denied Feb. 7, 1981.

Robert R. Baker, Rankin, Baker & Williams, Stanford, for movant.

Jack T. Mandt, Mandt, McEnroe & Polk, Somerset, for respondent.

LUKOWSKY, Justice.

The dispositive issue in these cases is whether the administrator of an estate is the real party in interest to seek survivor's benefits under the Motor Vehicles Reparations Act, KRS 304.39–010–340. Because we answer this question in the negative, it is unnecessary to address the limitations question presented by the parties.

The Lincoln Circuit Court concluded that the administrator of Leetta Rainwater's estate was the proper party to bring an action for survivor's benefits, but dismissed the action as barred by the statute of limitations. The Court of Appeals affirmed the first part of the trial court's judgment and reversed the second. We reverse the decision of the Court of Appeals and the judgment of the trial court.

Leetta Rainwater was killed in an automobile accident in Lincoln County on August 29, 1976. She was a passenger in a vehicle owned and operated by her husband, Howard Rainwater, which was covered by a policy of insurance issued by U.S. Fidelity & Guaranty Company. The policy provided for payment of Basic Reparations Benefits to any person suffering loss from injury arising out of the use of a motor vehicle, pursuant to Kentucky's Motor Vehicles Reparations Act.

Leetta's husband was also killed in the accident. She was survived by three adult children. Charles McEnroe was appointed administrator of her estate. On behalf of the estate McEnroe sought to recover survivor's benefits as part of Basic Reparations Benefits. Because McEnroe is not a survivor of Leetta Rainwater as defined in KRS 304.39–020(14), he is not the correct party to bring this action and the Circuit Court should have dismissed the case for this reason.

For an administrator to be a real party in interest he must "by substantive law, possess the right to be enforced." Clay, Ky. Prac., 3d Ed., Civil Rule 17.01 (1974). KRS 304.39–030(1) clearly sets out the parties who have a right to basic reparations benefits, as follows:

> "If the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparations benefits. . . ."

If injury causes death, loss is specifically limited by the Act to survivor's economic loss and survivor's replacement services loss. KRS 304.39–020(5). Survivor is defined by KRS 304.39–020(14) as one entitled to receive benefits pursuant to KRS 411.130 by reason of the death of another person. KRS 411.130(2) specifies those kindred entitled to receive benefits, and in this case, they would be the children of Leetta Rainwater. An administrator is not a survivor. Because McEnroe is not a survivor of Leetta Rainwater, he possesses no right to survivor's benefits and consequently could not prosecute an action for such benefits no matter what statute of limitations might be applicable.

The decision of the Court of Appeals and the judgment of the Lincoln Circuit Court are reversed, and the case is remanded to the trial court for entry of a judgment consistent herewith.

All concur.