Agnes HOWARD and Authur Howard, her husband; Mary Stogsdill and Carl Stogsdill, her husband, Bernard Hamilton and Judy Hamilton, his wife; Barbara Head, single; Ruby Robertson and Eldon Robertson, her husband; and Charles R. Hamilton and Andrea Hamilton, his wife, Appellants,

v.

Bessie E. HAMILTON, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1981.

William L. Wiesman, Owensboro, for appellants.

Sept Timous Taylor, Owensboro, for appellee.

Before COOPER, HOWERTON and McDONALD, JJ.

COOPER, Judge.

This is an appeal from a summary judgment in a civil action for recovery of funds paid by an insurance company under no-fault insurance to a widow-administratrix of the estate of the deceased. A summary judgment on a counterclaim is also involved. The issues presented herein are: (1) whether the trial court's decision was clearly erroneous in denying the appellants' claim to the appellee's recovery of survivor's economic loss and survivor's replacement services loss, KRS 304.39–020; and (2) whether the appellee was entitled to a summary judgment on a counterclaim. We affirm.

On February 2, 1979, Patrick Hamilton was killed in an automobile accident. Surviving him are his wife, Bessie E. Hamilton, and six adult children by a former marriage, to wit: Agnes Howard, Mary Stogsdill, Bernard Hamilton, Barbara Head, Ruby Robertson, and Charles R. Hamilton. Bessie Hamilton, the appellee, was appointed administratrix of the estate and thereafter contacted her husbands insurer, Kentucky Farm Bureau Mutual Insurance Company, concerning the accident. It was determined that she would receive $1,000.00 funeral expense under the insurance policy.

She filed a request for survivor's economic loss and survivor's replacement services loss under this insurance policy. The application indicated that she would suffer survivor's economic loss and survivor's replacement services loss in the amount of $90.00 per month for the remainder of her life, which amount totaled approximately $15,000.00. She accepted a lump sum settlement for survivor's economic loss and survivor's replacement services loss in the amount of $4,000.00, plus the $1,000.00 for her husband's funeral expense. Mrs. Hamilton applied the $1,000.00 funeral expense to the estate funds and retained the remaining $4,000.00 for herself.

The children of the deceased Patrick Hamilton and their spouses, the appellants herein, instigated the present cause of action requesting the trial court to order the appellee to pay one-half of the sum she received for her survivor's economic loss and replacement services loss to them. The appellee filed a general denial to the complaint along with a counterclaim in the amount of $972.66. She alleged in her counterclaim that she had a joint banking account with the decedent in the Owensboro National Bank having a net balance due her in the amount of $972.66. She further alleges that by inadvertence and mistake, the $972.66 was included in the decedent's estate, and paid to the appellants in proportionate amounts. She made a demand against the appellants in the said amount along with her costs. The trial court granted summary judgment in favor of the appellee against the appellants on both the complaint and counterclaim.

The first issue concerns the ownership of the $4,000.00 that the appellee obtained as a compromise for her survivor's economic loss. The children of the decedent claim they are survivors and, therefore, entitled to share in the $4,000.00 estate. Conversely, the appellee contends that the definition of survivor in the no-fault statute merely designates those persons who might make a claim for survivor's economic loss if they can prove that they have, in fact, suffered such a loss. She also takes the

position that she settled her claim for $4,000.00, and that if these appellants can show they have suffered an economic loss, $6,000.00 remains in the insurance company's fund for payment of any such loss they can prove. It appears that the trial court, as well as the appellee, relied on the cases of *Muschette v. Gateway Ins. Co.*, 149 N.J. Super. 89, 373 A.2d 406 (1977); and *United States Fidelity and Guaranty Co. v. McEnroe, Adm.*, Ky., 610 S.W.2d 593, (1980). The latter case clearly holds that the administrator or personal representative of an estate is not the proper party to bring an action for survivor's benefit. The Kentucky Supreme Court relied heavily on KRS 304.39–030(1) which clearly defines the parties who have a basic right to basic reparations benefits, as follows:

> If the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of the motor vehicle has the right to basic reparations benefits. . . .

It appears to this Court that the appellee dealt with the insurance company on an individual basis and is therefore entitled to retain the $4,000.00 that she collected. On the other hand, we are not saying that the door is closed to the appellants if they can prove they have suffered a survivor's economic loss or a survivor's replacement services loss.

The last issue concerns the summary judgment on the counterclaim. The appellants allege various irregularities concerning the counterclaim and its filing. It appears from the record that the appellants did not raise the defense set forth in their brief, nor did they present the trial court with an opportunity to consider same. We conclude that since the issue set forth in the appellants' argument was not presented to the trial court, this issue cannot be considered on appeal. *See Akers v. Floyd Co. Fiscal Court*, Ky., 556 S.W.2d 146, 152 (1977). According to the record, the judgment, or the trial court's decision, was not clearly erroneous.

The judgment is affirmed.

All Concur.