Chester M. GREGORY, Administrator of
the Estate of Jan Marie
Gregory, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

Court of Appeals of Kentucky.

June 26, 1981.

Robert S. Silverthorn, Jr., Louisville, for appellant.

Victor W. Ewen, Louisville, for appellee.

Before HOGGE, VANCE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered July 18, 1980, denying recovery to the estate of Jan Marie Gregory for compensation pursuant to no-fault insurance survivor provisions.

This matter was originally filed by the mother and father of the deceased when their daughter died as a result of an automobile accident on October 22, 1978. The insurance company agreed to pay the parents certain benefits; however, they sought to recover under the no-fault benefits for survivor's loss. The parents were denied recovery but an intervening complaint was entered on behalf of the estate. The trial court denied the claim indicating that "work loss" means loss of wages by an injured party during a period of convalescence and not projected earnings a deceased person might have earned had the death not occurred. This appeal followed.

Appellant argues that the trial court committed reversible error in granting summary judgment because it improperly denied the claim for "work loss" by the estate.

Appellee contends that a decedent's estate is not a person entitled to benefits under the law.

This Court affirms the judgment.

The decedent's estate is not a person as defined by the statute entitled to receive benefits under K.R.S. 304.39–030(1). The language of the law as it relates to the word "person" refers only to living human

beings and not to the estate of a deceased individual. The word "person" as used in the definition of work loss in K.R.S. 304.39–020(5)(b) also refers only to living human beings. That section of the statute refers to a situation where benefits must be reduced by any income from substitute work actually performed. The estate of a deceased individual cannot perform substitute work. The logic of the law would exclude an estate.

The plain meaning of the statute indicates that the legislature intended in the case of a death to limit recovery to the losses defined in K.R.S. 304.39–020(5)(d) and (e). In *United States Fidelity & Guaranty Co. v. McEnroe*, Ky., 610 S.W.2d 593 (1980), it was held that the administrator of an estate is not a survivor as defined by K.R.S. 304.39–020(14). Accordingly the administrator has no right to survivor's benefits and cannot prosecute an action therefor.

In the *McEnroe, supra*, decision it was stated that if injury results in death, the loss is specifically limited by the act to survivor's benefits. This disposes of the appellant's claim that benefits for "work loss" are recoverable in a death case. The appellant is not the real party in interest. *McEnroe, supra*. The *McEnroe* case was also applied in the matter of *Howard v. Hamilton*, Ky.App., 612 S.W.2d 345 (1981).

The benefits for "work loss" are available only to an injured employed person for actual loss of earnings while absent from work. Survivors are compensated to the extent for which they would receive contributions of economic value or to the extent to which the deceased would have performed services for the survivors. *France v. Kentucky Farm Bureau Mutual Ins. Co.*, Ky.App., 605 S.W.2d 773 (1980); see Commissioner's Comment on Section 1 of the Uniform Motor Vehicles Reparation Act. 14 U.L.A. 54, 55 (1980); K.R.S. 304.-39–020.

Appellants' reliance on *Couty v. Kentucky Farm Bureau Mutual Ins. Co.*, Ky., 608 S.W.2d 370 (1980), is totally misplaced. The analogy in *Couty, supra*, does not fit this situation. We cannot expand the holding of that case to permit the recovery sought here.

Therefore no-fault insurance benefits for "work loss" are not available to the estate of a deceased individual.

All concur.