## KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

Brenda McQUEEN, and Brenda McQueen, as Next Friend of Roberta McQueen, Bryant McQueen, Sabrina McQueen, and Steve McQueen, Infants, and William Hurley, Douglas Feldkamp, and Bobby K. True, Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1985.

J.D. Raine, Jr., Louisville, for appellant.

William Hurley, Louisville, Bobby K. True, Bedford, Douglas Feldkamp, Louisville, for appellees.

Before COOPER, HOWARD and REYNOLDS, JJ.

COOPER, Judge.

The facts in this case are stipulated by the parties: William McQueen died in an automobile collision in Trimble County. At the time of his death, he was insured by the appellant, Kentucky Farm Bureau Mutual Insurance Company, for personal injury protection benefits in the amount of $10,000. After paying $1,000 for the funeral expenses of William McQueen, the appellant denied the appellees' claim for $9,000 in survivor's replacement services loss benefits. The appellant's denial was based upon the fact that, at the time the claim was submitted, the appellees had not actually incurred any out-of-pocket expenses for replacement household or family services which would have been provided

by William McQueen but for his death. The trial court ordered the appellant to pay the appellees' claim and, finding no reasonable basis for a denial of the claim, awarded attorney's fees and 18% interest on the judgment until paid.

On appeal, the issues are: (1) whether the appellees were entitled, under KRS 304.39–020(5)(e), to survivor's replacement services loss benefits when they had not yet incurred such expenses; and (2) whether the trial court properly awarded attorneys' fees and interest.

KRS 304.39–030(1) gives one suffering *loss* from an injury arising from the maintenance or use of a motor vehicle the right to basic reparation benefits. The statutory definition of "loss", in the case of injury causing death, set forth in KRS 304.39–020(5), includes "survivor's replacement services loss", defined as:

> (e) ... expenses reasonably incurred by survivors after decedent's death in obtaining ordinary and necessary services in lieu of those the decedent would have performed for their benefit if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of the decedent's death and not subtracted in calculating survivor's economic loss.

In appealing the trial court's judgment, the appellant argues, on the basis of *France v. Kentucky Farm Bureau Mutual Insurance Company*, Ky.App., 605 S.W.2d 773 (1980), that because the appellees have not *actually* expended funds to replace services which the decedent would have provided, they are not entitled to "survivor's replacement services loss." *France* held that in order to recover such benefits, one "must introduce evidence of expenses reasonably incurred ... in obtaining ordinary and necessary services which would have been performed by the decedent had he not suffered a fatal injury." At p. 774.

Nevertheless, in *Couty v. Kentucky Farm Bureau Mutual Insurance Company*, Ky., 608 S.W.2d 370 (1980), in interpreting the meaning of "incurred" as used in KRS 304.39–020(5)(e), the Court rejected a literal definition ruling that "survivor's replacement services loss" included not only those expenses which the survivor had actually paid or for which he had become obligated, but also covered expenses "for loss of services which it is reasonably probable would [be] rendered in the future." At p. 370.

Here, the parties stipulated that although McQueen's survivors had not yet incurred any out-of-pocket expenses for replacement services, the decedent would have rendered personal and household services valued in excess of $9,000. In light of the *Couty* decision and this stipulation, the appellees sufficiently proved their entitlement to "survivor's replacement services loss" benefits. Therefore, the trial court was correct in finding the value of services which the decedent would have rendered in the future exceeded $9,000 and ordering the appellant to pay that amount.

In addition, the appellant challenges the propriety of the trial court's imposition of an interest penalty upon the judgment. It was stipulated that the appellant received the proof of loss claim within the period provided under the decedent's policy. As the claim was not paid within thirty days, it was overdue and subject to 18% interest if the delay in payment was without reasonable foundation. KRS 304.39–210(1)(2).

The trial court found, based upon the decision in *Couty, supra,* that the appellant's refusal to pay the appellees' claim was unreasonable. We agree. The appellant claims that its refusal was in accordance with *France, supra,* and therefore reasonable. While *France* was not expressly overruled by *Couty,* its holding was supplemented by the latter. Given the clarity of such decision, any doubt about the effect of *Couty* upon prior decisions should have been resolved by the appellant in favor of the appellees. Therefore, the trial court did not err in finding that the delay was unreasonable.

The appellant also challenges the trial court's award of attorneys' fees. However, because it failed to designate the

 

appellees' attorneys as parties in its notice of appeal, we are prevented from reviewing that issue. *Boyle County Fiscal Court v. Shewmaker*, Ky.App., 666 S.W.2d 759 (1984).

The order of the trial court is affirmed.

All concur.