**Wanda SHEPHERD, Appellant,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Appellee.**

**No. 1998–CA–001141–MR.**

Court of Appeals of Kentucky.

Sept. 24, 1999.

Kenneth A. Sizemore, London, for Appellant.

Martha L. Brown, London, for Appellee.

Before: GUDGEL, Chief Judge;
BUCKINGHAM and KNOX, Judges.

## OPINION

BUCKINGHAM, Judge.

Wanda Shepherd, individually and as executrix of the estate of Johnny Bray, appeals from an order entered by the Laurel Circuit Court which granted summary judgment in favor of Shelter Mutual Insurance Company ("Shelter") and held that Shepherd was not entitled to survivor benefits under Kentucky's Motor Vehicle Reparations Act ("MVRA"). Because Shepherd was a sister of a deceased person (Bray) who left three children surviving him, she does not qualify for survivor benefits under the MVRA. Thus, we affirm.

The facts are not in dispute. Bray, Shepherd's brother, was killed in an automobile accident on April 10, 1994. In addition to Shepherd, Bray was survived by three adult children. Under a policy of insurance purchased from Shelter by Bray, benefits for replacement services loss, survivor's economic loss, and survivor's replacement services loss were available. Shepherd filed an action in the Laurel Circuit Court to recover those benefits available under the policy, but the circuit court granted summary judgment in favor of Shelter on the ground that "[o]nly if there is no surviving child, spouse, or parent can a more remote relative recover." Shepherd's appeal to this court followed.

Kentucky Revised Statute (KRS) 304.39–020(5) contains the following definitions:

(c) "Replacement services loss" means expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the injured person would have performed, not for income but for the benefit of himself or his family, if he had not been injured.

(d) "Survivor's economic loss" means loss after decedent's death of contributions of things of economic value to his survivors, not including services they would have received from the decedent if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of decedent's death.

(e) "Survivor's replacement services loss" means expenses reasonably incurred by survivors after decedent's death in obtaining ordinary and necessary services in lieu of those the decedent would have performed for their benefit if he had not suffered the fatal injury, less expenses of the survivors avoided by reason of the decedent's death and not subtracted in calculating survivor's economic loss.

KRS 304.39–020(14) defines "survivor" as "a person identified in KRS 411.130 as one entitled to receive benefits by reason of the death of another person." KRS 411.130 states in pertinent part:

(2) The amount recovered . . . shall . . . go to the kindred of the deceased in the following order:

(a) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to the widow or husband.

(b) If the deceased leaves a widow and children or a husband and children, then one-half (½) to the widow or husband and the other one-half (½) to the children of the deceased.

(c) If the deceased leaves a child or children, but no widow or husband, then the whole to the child or children.

(d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased, one (1) moiety each, if both are living; if the mother is dead and the father is living, the whole thereof shall pass to the father; and if the father is dead and the mother living, the whole thereof shall go to the mother. In the event the deceased was an adopted person, "mother" and "father" shall mean the adoptive parents of the deceased.

(e) If the deceased leaves no widow, husband or child, and if both father and

mother are dead, then the whole of the recovery shall become a part of the personal estate of the deceased, and after the payment of his debts the remainder, if any, shall pass to his kindred more remote than those above named, according to the law of descent and distribution.

■ While Shepherd acknowledges that she is in a more remote class of survivors than the adult children, she nevertheless contends that she is entitled to the survivor benefits because the children did not suffer economic loss or replacement services loss and filed no claims for benefits in that regard. She further asserts that Bray resided in the household with her and her husband and that Bray performed various tasks for them, including running errands, transporting them to appointments, carrying heating oil, vacuuming, gardening, tending to routine lawn care, and assisting with other household chores. She also asserts that Bray made financial contributions by paying the monthly electric and water bills. In short, Shepherd contends that she is entitled to survivor benefits for economic loss and replacement services loss under the MVRA.

We hold that Shepherd is not a "survivor" as that term is defined in KRS 304.39–020(14). That statute defines a survivor as a person entitled to receive benefits under KRS 411.130. The court in *Totten v. Parker*, Ky., 428 S.W.2d 231 (1967), held that "[u]nder the provisions of KRS 411.130, 391.030, and 391.010, brothers and sisters of a deceased are entitled to a recovery only upon a showing that the deceased left no surviving spouse, child, or parent." *Id.* at 238. Thus, since Shepherd was Bray's sister and Bray left children surviving him, Shepherd does not qualify as a survivor entitled to benefits under KRS 411.130 and KRS 304.39–020(14).

Shepherd relies solely on *Howard v. Hamilton*, Ky.App., 612 S.W.2d 345 (1981), to support her claims for survivor benefits. In *Howard*, a decedent's adult children brought an action against his widow to recover one-half of the lump-sum settlement she received for survivor's replacement services loss. While holding that the children were not entitled to recover a portion of the benefits received by the widow, the court stated that the children may have been able to recover benefits directly from the insurance company if they could have proven that they also suffered survivor's economic loss or a survivor's replacement services loss. *Id.* at 347. The *Howard* case is distinguishable from the case sub judice, however, since both the widow and the children in that case qualified as survivors of equal, concurrent interests. *See* KRS 411.130(2)(b).

■ In addition to claiming benefits for survivor's economic loss and survivor's replacement services loss as those terms are defined in KRS 304.39–020(5)(d) and (e), Shepherd also claims benefits under the policy for replacement services loss. Replacement services loss is defined as "expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the *injured* person would have performed ... if he had not been *injured*." KRS 304.39–020(5)(c) (emphasis added). By its terms, this section limits its applicability to situations in which the accident victim lives but is unable to provide services as he had prior to the accident. Therefore, we question whether KRS 304.39–020(5)(c) is applicable to this case; however, even should this provision prove to be relevant, Shepherd is not entitled to benefits because she failed to incur expenses "in lieu of those the injured person would have performed[.]" KRS 304.39–020(5)(c).

This court has clearly stated that to recover "replacement services loss, [claimants] must introduce evidence of expenses reasonably incurred by them in obtaining ordinary and necessary services which would have been performed by the decedent had he not suffered a fatal injury." *France v. Kentucky Farm Bureau Mut. Ins. Co.*, Ky.App., 605 S.W.2d 773, 774 (1980). Shepherd testified in her deposition that she and her husband moved into an apartment after Bray died and solicited

assistance from her daughter and son-in-law. She also explained that her daughter and son-in-law were not paid for their assistance and that she has incurred no expenses for replacement services. Therefore, because Shepherd has incurred no expenses in obtaining replacement services for those services performed by Bray, her claim for replacement services loss must also fail.

■ Finally, we note that Shepherd's claims for survivor benefits in her capacity as executrix of Bray's estate are disallowed because an executrix or other personal representative of an estate may not prosecute an action for survivor benefits. *United States Fidelity & Guar. Co. v. McEnroe*, Ky., 610 S.W.2d 593, 594 (1980).

The judgment of the Laurel Circuit Court is affirmed.

ALL CONCUR.