**John Arthur DONALDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00060–CR.**

Court of Appeals of Texas, Dallas.

April 6, 1983.

John P. Knouse, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

John Arthur Donaldson was convicted of aggravated robbery, enhanced, and the jury assessed punishment at life imprisonment. On appeal, he asserts five grounds of error, including a challenge to the sufficiency of the evidence. We overrule all contentions and affirm.

Appellant's first ground of error contends that the trial court erred by denying his motion to quash the indictment for its failure to properly allege "effective consent." We overrule this ground on the authority of *Thomas v. State,* 621 S.W.2d 158,

161 (Tex.Cr.App.1981) (on rehearing) (*en banc*).

■ Appellant's second ground of error contends that the trial court erred by refusing to submit his requested charge on circumstantial evidence. We overrule this ground on the authority of *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983) (on rehearing) (*en banc*), which abolished the requirement of a circumstantial evidence charge.

■ In his third ground of error, appellant contends that the evidence is insufficient to sustain his conviction. We disagree. The evidence shows that the complainant was driving with Henrietta Hutchinson in South Dallas when she directed him to stop in an alley behind the 3100 block of Forest Avenue. There a black male came up from behind, placed a pistol against his cheek, and took approximately $500.00. The man opened the door and told the complainant to lie down beside the truck. Hutchinson then said either "Kill him, Johnnie" or "Don't kill him, Johnnie." At about this time, two Dallas police officers witnessed three suspects standing in front of the truck. The suspects fled. One officer apprehended Hutchinson, the other apprehended the appellant.

The two police officers, while still at the scene, were discussing in appellant's presence the description and identity of the third suspect. Appellant then stated, "It's Bill Mathis. He's got the pistol and the money." Appellant contends that the trial court erred in admitting this statement over objection because he was given an oral warning as to his constitutional rights which was inadequate under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, we find that this was a voluntary statement, not in response to any inquiry by the police officers, and not the product of interrogation. Such voluntary statements are admissible. Tex. Code Crim.Proc.Ann. art. 38.22(5) (Vernon 1979); *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr.App.1979).

As a consequence of the statement made by the appellant, the officers found Billy Mathis nearby, and they also found a .38 caliber pistol, two live rounds of .38 caliber ammunition, and one credit card belonging to the complainant. Hutchinson was found in possession of the complainant's keys, his operator's license, and some of his credit cards. The appellant was not positively identified by the complainant, and he was not in possession of any stolen property at the time of his arrest.

This is a circumstantial evidence case. Prior to the *Hankins* decision, a conviction based on circumstantial evidence could not be sustained if the circumstances did not exclude every other reasonable hypothesis except the guilt of the accused; proof amounting only to a strong suspicion was insufficient. *See Flores v. State,* 551 S.W.2d 364, 367 (Tex.Cr.App.1977); *Culmore v. State,* 447 S.W.2d 915, 917 (Tex.Cr. App.1969). The standard of review to be employed in such cases was left in doubt after *Hankins* was issued. However, since the basis for the *Hankins* decision was that circumstantial evidence "is often as strong and conclusive upon the understanding as direct and positive evidence," and "may have equal if not greater weight than direct evidence," we conclude that the standard of review should be the same as that employed in direct evidence cases. In such cases, we are constitutionally required to reverse unless we find that there was sufficient evidence to justify a rational trier of fact to find, beyond a reasonable doubt, each essential element of the offense. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In the present case, the circumstances are sufficient to meet this standard. Appellant's ground of error is overruled.

The judgment of the trial court is affirmed.