**Richard W. INMAN, Appellant.**

v.

**STATE of Texas, Appellee.**

**No. 11–83–279–CR**

Court of Appeals of Texas,
Eastland.

Nov. 15, 1984.

**41**

Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

The jury convicted appellant of burglary of a habitation, and assessed his punishment at confinement in the Texas Department of Corrections for a term of forty (40) years. We affirm.

The record reflects that on July 5, 1983, the appellant unlawfully entered the victim's apartment and raped her. The sufficiency of the evidence is not challenged.

On July 18, 1983, the appellant and his parents voluntarily came to the police station where appellant was interviewed by Police Officer James M. Brigdon who was investigating the offense. Brigdon took the appellant to an interview room and questioned him about the incident. Brigdon wrote down what appellant stated. After reducing appellant's statement to writing, Brigdon asked Melanie Old, an employee of the Dallas Police Department, to come into the interview room and witness the statement. Brigdon was reading the statement to the appellant, when the appellant's father walked into the room and told the appellant "not to sign anything." Brigdon continued to read the statement to appellant. When Brigdon finished reading the statement, he gave the statement to the father to read. After the father finished reading the statement, he asked his son, the appellant, "Did you rape the woman?" The appellant answered, "Yes."

█ Appellant argues in his first ground of error that the testimony of Brigdon and Old, regarding appellant's oral statement that he raped the woman violates TEX. CODE CRIM.PRO.ANN. art. 38.22 (Vernon 1979, Vernon Supp. 1984). Section 5 of Article 38.22 provides that "Nothing in this article precludes the admission of a statement made by the accused ... that does not stem from custodial interrogation."

The written unsigned statement was not introduced in evidence. The State did not introduce any evidence of an oral confession made to Officer Brigdon. The only evidence of an oral statement made by appellant was the testimony of Brigdon and Old regarding the question asked by appellant's father, and the appellant's answer.

In *Chambliss v. State*, 647 S.W.2d 257 (Tex.Cr.App.1983), the Court recently held that statements which are "not the result of" or "do not stem from" custodial interrogation are admissible under Article 38.22 on the question of guilt. In *Chambliss*, the defendant orally confessed to a fellow jail inmate. The Court concluded in *Autry v. State*, 626 S.W.2d 758 (Tex.Cr.App.1982), that an oral statement made by the defend-

ant over the telephone, and heard by an officer, was not the result of custodial interrogation.

The Supreme Court of the United States in *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) stated:

> [T]he definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.

In *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), the Court referred to its "Miranda" decision [1] and stated that by "custodial interrogation" the court meant "questioning initiated by law enforcement officers."

Statements made to a nurse were not the result of custodial interrogation in *Arnold v. State,* 659 S.W.2d 45 (Tex.App.—Houston [14th Dist.] 1983, no pet'n), because the nurse was not a police officer, nor was she acting at the request of police officers to elicit incriminating information from the defendant. The statement made to a fellow jail inmate was held admissible in *Lalande v. State,* 651 S.W.2d 402 (Tex.App.—El Paso 1983), affirmed on other grounds, 676 S.W.2d 115 (Tex.Cr.App.1984), because the fellow inmate was not "acting as an agent of law enforcement personnel at the time he received this confession." In *Donaldson v. State,* 651 S.W.2d 29 (Tex.App.—Dallas 1983, no pet'n), the defendant, not in response to questions asked by the police officers, volunteered information regarding a third party who had the "pistol and the money." The Court held that since the statement was not in response to an inquiry by the police officers, it was not the product of interrogation. The Court in *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr. App.1979), held that an oral statement by the defendant that a shirt had blood on it and he wanted another one, was admissible because it was not in response to a question by the police officer, and not the product of interrogation.

In the instant case, the oral statement made by the appellant was in response to a question asked by appellant's father. The father was not acting at the request of Officer Brigdon. The confession that appellant raped the victim did not stem from a question asked by the police officer.

We agree with the trial court that the oral statement that appellant raped the "woman," was admissible because it did not "stem from custodial interrogation." Appellant's first ground of error is overruled.

■ Next, appellant asserts that the trial court erred in failing to file express findings of fact and conclusions of law as required by Section 6 of Article 38.22 on the issue of the voluntariness of appellant's confession. We disagree. The only issue raised in the trial court, and in this Court, on the admissibility of the oral confession is whether the statement stemmed from custodial interrogation. The trial court first heard the matter outside the presence of the jury and ruled that the statement did not stem from custodial interrogation. The oral statement of appellant made to his father was a "volunteered" statement which was not the result of custodial interrogation, and the constitutional or statutory safeguards surrounding confessions obtained as a result of custodial interrogation urged by appellant are not applicable. See *Schofield v. State,* 658 S.W.2d 209 (Tex. App.—El Paso 1983, no pet'n). The second ground of error is overruled.

■ During the State's argument at the guilt or innocence phase of the trial, the prosecutor argued:

> None of them (the State's witnesses) had any prior criminal record and their credibility just wasn't seriously attacked on any front because they were telling you the truth and they didn't have any motive to lie.

Appellant objected to the prosecutor "testifying that they were telling the truth." The objection was sustained, and the jury was instructed not to consider the

---

**1.** See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

remark. First, we think that the remark was a reasonable deduction from the evidence. *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976). Furthermore, if the remark was improper, the prejudicial effect was cured by the court's instruction to disregard. *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980); *Garza v. State*, 622 S.W.2d 85 (Tex.Cr.App.1980). Appellant cannot now argue that the comment improperly bolstered the State's witness. The error presented on appeal must be the same as the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554 (Tex.Cr.App.1980). Appellant's third ground of error is overruled.

Lastly, appellant complains that the prosecutor injected unsworn testimony of personal knowledge and opinion when the prosecutor argued to the jury:

I don't know if the lawyers on either side talked to you about it on voir dire or not, but I'll tell you this right now, that both sides at the counsel table have equal access of subpoena power and either side can subpoena down here anybody they want to. But I don't think it would have been necessary—

MR. HALSEY: I'll object to that. I think that's testifying and a misstatement of reality.

THE COURT: Overruled.

Assuming, without deciding, that the argument was improper, the statement by the prosecutor was not so prejudicial and harmful as to require reversal. *Williams v. State*, 607 S.W.2d 577 (Tex.Cr.App.1980).

The judgment of the trial court is affirmed.