NO. 07-11-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 14, 2013

_____


DONALD LEE JAMESON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 4327; HONORABLE RON ENNS, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Donald Lee Jameson, was convicted by a jury of murder[1] and sentenced to life imprisonment. Appellant contests: (1) the sufficiency of the evidence; (2) the admission of certain photographs; and (3) the absence of findings of fact and conclusions of law by the trial court on the voluntariness of his written confession. We affirm.

_____

[1]*See* TEX. PENAL CODE ANN. § 19.02(b)(2) (WEST 2011).

## SUFFICIENCY OF THE EVIDENCE

Appellant contends the evidence was insufficient to convict for murder because he raised self-defense in a statement to law enforcement and presented expert testimony at trial that he suffered from Post-Traumatic Stress Syndrome. His evidence indicated he accepted a ride home from Ronald Whitfield outside a bar in Dumas, Texas, and after Whitfield made a sexual advance, Appellant attempted to leave the car but Whitfield grabbed him by his shirt. The two struggled, Appellant "reached into [his] right pocket and got out [his] knife and opened it and I cut him" twice in the throat. Appellant gave a detailed confession to law enforcement and subsequently testified to cutting Whitfield at trial. He testified his violent reaction to Whitfield's improper advance coupled with grabbing him was the result of his past history of sexual abuse as a child. In the court's charge, the jury was instructed on the law applicable to self-defense.

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Adames v. State,* 353 S.W.3d 854, 859 (Tex.Crim.App. 2011); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Adames,* 353 S.W.3d at 860; *Brooks,* 323 S.W.3d at 912. This standard gives full play to the

2

responsibility of the trier of fact to resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. *See Adames,* 353 S.W.3d at 860 (citing *Hooper v. State,* 214 S.W.3d 9, 15 (Tex.Crim.App. 2007)). "[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). According to the indictment in this case, the State was required to prove Appellant, intending to cause serious bodily injury, committed an act clearly dangerous to human life that caused the death of Ronald Whitfield. *See* TEX. PENAL CODE ANN. § 19.02(b)(2) (WEST 2011).

In his statement to law enforcement given the day of the crime and his subsequent trial testimony, Appellant admitted to being involved in a struggle with Whitfield in his car. Despite the struggle, Appellant was able to take the knife out of his pocket, open it, and use it to cut Whitfield's throat multiple times. Due to the wounds inflicted on Whitfield, he rapidly lost consciousness and bled to death. Appellant then fled the scene. Other witnesses testified that, the day of the crime, Appellant showed no bruising or injuries to his upper body indicating a struggle had occurred earlier that day. Furthermore, a pack of cigarettes in the center of the front seat of Whitfield's car was undisturbed and several of Whitfield's friends testified he never exhibited any homosexual or bisexual tendencies.

Having considered all the evidence in the light most favorable to the verdict, we find that, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In so doing, as to Appellant's claim of self-defense, we give

3

deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 318-19. Appellant's first issue is overruled.

## PHOTOGRAPHS

Appellant contends the trial court abused its discretion by admitting four photographs described by Appellant as "gruesome" and "inflammatory." One photograph showed Whitfield in his car at the crime scene and the remaining photographs were taken during his autopsy. Appellant maintains that the prejudicial impact of the photographs substantially outweighed their probative value. See TEX. R. EVID. 403.[2]

The admissibility of photographic evidence lies within the sound discretion of the trial court. *Shuffield v. State*, 189 S.W.3d 782, 786 (Tex.Crim.App. 2006), *cert. denied,* 549 U.S. 1056, 127 S.Ct. 664, 166 L.Ed.2d 521 (2007). Its decision to admit or exclude evidence will not be overturned on appeal absent a showing that the trial court abused its discretion. *Id.* at 787. In that regard, we will not disturb a trial court's ruling admitting or excluding evidence so long as the trial court's decision falls within the "zone of reasonable disagreement.*" See Jones v. State*, 944 S.W.2d 642, 651 (Tex.Crim.App. 1996).

The Texas Rules of Evidence favor the admission of all relevant evidence at trial, though these evidentiary rules do provide exceptions that would exclude otherwise

---

[2]Throughout the remainder of this opinion, we will cite the provisions of the Texas Rule of Evidence simply as "Rule ___."

4

relevant and admissible evidence. *See* Rule 401. One exception to this general rule is found in Rule 403: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Rule 403. When called on to analyze evidence in light of a Rule 403 objection, the trial court must balance the following considerations: (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex.Crim.App. 2006). We also consider the number of photographs, the size, whether they are in color or black and white, whether they are gruesome, whether any bodies are clothed or naked, and whether the body has been altered since the crime in some way that might enhance the gruesomeness of the photograph to the appellant's detriment. *See Shuffield,* 189 S.W.3d at 787. In sum, "[i]f there are elements of a photograph that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the emotional and prejudicial aspects substantially outweigh the helpful aspects." *Erazo v. State,* 144 S.W.3d 487, 491-92 (Tex.Crim.App. 2004).

Appellant objects to four color photographs admitted as State's Exhibits 4, 44, 45, and 50. The photographs were admitted into evidence in conjunction with the

5

testimony of Officer Tommy Gonzales who documented the crime scene and Elizabeth Miller, M.D., who performed Whitfield's autopsy. The crime scene photograph documented the crime scene, showed the position of Whitfield's body in the car with his throat cut and blood running down the front of his shirt. The autopsy photographs were whittled down by the trial court to three photographs illustrating Whitfield's gaping wounds on his face and neck. The photographs illustrated the cause of Whitfield's death, depth of his wounds, injury to his airway, and the severity of the wounds to his throat illustrating the force necessary to cause the wounds. The photographs were unquestionably gruesome.

Under the first *Gigliobianco* factor, we find the photographs had probative value because they were accurate depictions of both the crime scene and Whitfield's body that would assist a jury to visualize the crime scene as well as the extent of Whitfield's injuries caused by Appellant's criminal act. *Paredes v. State,* 129 S.W.3d 530, 540 (Tex.Crim.App. 2004). *See also Legate v. State,* 2 S.W.3d 797, 807 (Tex.App.—San Antonio 2001, pet. ref'd). These photographs are also probative because they corroborated the testimony of trial witnesses; *see Ledbetter v. State*, 208 S.W.3d 723, 734 (Tex.App.—Texarkana 2006, no pet.); *Denoso v. State*, 156 S.W.3d 166, 178 (Tex.App.—Corpus Christi 2005, pet. ref'd), and their probative value is not diminished simply because they corroborate other uncontested testimony. *See Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex.Crim.App. 1990) (rejecting the premise that visual testimony accompanying oral testimony is cumulative of that testimony). Although disagreeable to look at, they depict nothing more than the reality of the brutal crime committed. *Sonnier v. State,* 913 S.W.2d 511, 519 (Tex.Crim.App. 1995); *Shavers v.*

6

*State*, 881 S.W.2d 67, 77 (Tex.App.—Dallas 1994, no pet.). Accordingly, the first factor weighs in favor of admissibility.

In analyzing the second factor, the State's need for the evidence, we ask, "Does the proponent have other available evidence to establish the fact of consequence the photograph is relevant to show?" *Erazo,* 144 S.W.3d at 495. And, if so, we then ask, "How strong is the other evidence, and is the fact of consequence related to an issue that is in dispute?" *Id.* at 495-96. The strength of the other evidence available to establish what occurred in Whitfield's car was not as strong without the photographs. In fact, the only account of what occurred between the two men once Appellant entered Whitfield's car is Appellant's account. Despite his statement to law enforcement the day of the crime, Appellant testified at trial that, once he saw blood, he couldn't remember what had occurred. That leaves us with the only other evidence available to the jury from which to determine what occurred –the crime scene and autopsy photographs. How Whitfield died was a fact of consequence as was his manner of death. Accordingly, we find the second factor weighs in favor of admissibility.

In considering the third, fourth and fifth factors, we look at the photographs' potential to impress the jury in some irrational, yet indelible way. *See id.* 491-92. "If a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury." *Id.* (quoting *Martin v. State*, 475 S.W.2d 265, 267 (Tex.Crim.App. 1972)). Appellant does not claim that the photographs are inaccurate or improperly enhanced. Having considered the photographs in relation to the entire record, we cannot conclude the images appealed

only to the jury's emotional side and that the jury's decision was based on emotion rather than the relevant evidence introduced at trial. *See Erazo*, 144 S.W.3d 491-92; *Denoso,* 156 S.W.3d at 178-79. These factors also weigh in favor of admissibility.

The sixth factor, the time needed to develop the evidence, also weighs in favor of admissibility in this case. Considering the length of the trial, the State took little time before the jury to lay the foundation for the photographs and introduce them into evidence. *See Horton v. State,* 986 S.W.2d 297, 303 (Tex.App.—Waco 1999, no pet.).

In sum, we conclude the photographs are not "so horrifying or appalling that a juror of normal sensitivity would necessarily encounter difficulty rationally deciding the critical issues of this case after viewing them." *Contreras v. State*, 73 S.W.3d 314, 321 (Tex.App.—Amarillo 2001, pet. ref'd) (quoting *Narvaiz v. State,* 840 S.W.2d 415, 429 (Tex.Crim.App. 1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993)). The photographs depicted no more than what Appellant caused and what verbal testimony properly described. *Saldano v. State*, 232 S.W.3d 77, 101-02 (Tex.Crim.App. 2007). The trial court did not abuse its discretion in admitting the photographs*. See Allridge v. State,* 850 S.W.2d 471, 494 (Tex.Crim.App. 1991) (*en banc*). Appellant's second issue is overruled.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Appellant asserts that we must abate this appeal and return the case so that the trial court can make findings of fact and conclusions of law on the voluntariness of his written confession. We note that Appellant did not raise voluntariness at the suppression hearing or object when his confession was offered at trial. In fact, no one

8

disputes the voluntariness of his written confession.  That said, the trial court did not enter written findings of fact and conclusions of law regarding the voluntariness of Appellant's statements.

It has been held that the requirements of section 6 of article 38.22 of the Code of Criminal Procedure are mandatory; *see* TEX. CODE CRIM. PROC. ANN. ART. 38.22, § 6 (WEST 2005), and a court must file findings as to the voluntariness of a statement regardless of whether the defendant objects.  *See Green v. State*, 906 S.W.2d 937, 939 (Tex.Crim.App. 1995); *Bonham v. State*, 644 S.W.2d 5, 8 (Tex.Crim.App. 1983). However, article 38.22, section 5 of the Code of Criminal Procedure states, "Nothing in this article precludes the admission of . . . a statement that does *not* stem from custodial interrogation . . . ." TEX. CODE CRIM. PROC. ANN. ART. 38.22, § 5  (WEST 2005) (emphasis added).  Thus, it has also been held that findings of fact and conclusions are not required when the statement is not the result of custodial interrogation*.  Chavez v. State*, 6 S.W.3d 56, 64 (Tex.App.—San Antonio 1999, pet. ref'd); *Garza v. State*, 915 S.W.2d 204, 211 (Tex.App.—Corpus Christi 1996, pet. ref'd); *White v. State*, 874 S.W.2d 229, 236 (Tex.App.—Houston [14th Dist.] 1994, pet. dism'd); *Inman v. State*, 683 S.W.2d 40, 42 (Tex.App.—Eastland 1984, no pet.).  If an investigation is not in an accusatorial or custodial stage, a person's Fifth Amendment rights are not yet at issue. *Hernandez v. State,* No. 07-00-0374-CR, 2001 Tex. App. LEXIS 3506, at *3-4 (Tex.App.—Amarillo 2001, pet. ref'd) (mem. op., not designated for publication) (citing *Melton v. State,* 790 S.W.2d 322, 326 (Tex.Crim.App. 1990)).  Therefore, the appeal must only be abated if we determine that Appellant was in custody at the time of his statement. *Id.*

Having reviewed the entire transcript of the suppression hearing, we find there was no evidence Appellant's written statement was involuntary because he was not in custody at the time. The evidence indicates he agreed to go to the police station, without handcuffs, riding in the front passenger seat of an unmarked police car. He had not been identified as a suspect but as someone who may have seen Whitfield outside the bar. At various times throughout the interview he was reminded he could terminate the interview at any time, he was not under arrest and he was free to leave the station. He also received a written statement of his *Miranda* rights that he initialed and agreed to answer the officer's questions. There is no evidence he was coerced or threatened. From start to finish, the entire process lasted approximately nine minutes.

Only in instances when a statement stems from custodial interrogation must the State demonstrate that the defendant knowingly and intelligently waived his privilege against self-crimination. *Melton*, 790 S.W.2d at 326. As Appellant's statement did not stem from custodial interrogation, voluntariness is not an issue, and we need not abate the appeal for the trial court to make written findings. *Id.*; *White*, 874 S.W.2d at 326. Accordingly, we find the trial court did not err in failing to make and file findings of fact and conclusions of law. Appellant's third issue is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

10